1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-mj-71151 (NC) |
| Plaintiff, | **DETENTION ORDER** |
| v. | Hearing: 10/6/2025 |
| CARLOS ALBERTO JIMENEZ-QUEZADAS, | |
| Defendant. | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on October 6, 2025, held a detention or release hearing for defendant Jimenez-Quezadas. The hearing was held publicly in open Court. The defendant was present and assisted by his attorney AFPD Dejan Gantar and a Spanish-language interpreter.

The defendant is charged in this case by criminal complaint with Escape of Prisoner in Custody of Institution or Officer, a Class A misdemeanor charge under 28 U.S.C. § 751(a). He made his initial appearance in this Court on September 23, 2025.

The Court considered a Pre-Bail Report dated September 29, 2025, and an Addendum dated October 3, 2025, from Pretrial Services. Pretrial Service recommended detention based on a risk of non-appearance.

Based on the information presented to the Court and considering all the factors under 18 U.S.C. § 3142(g), the Court finds that the prosecution has shown by more than a preponderance of the evidence that the defendant presents a risk of non-appearance that cannot be mitigated by a condition or combination of conditions.  That risk is evidenced principally by the defendant's recent alleged escape from custody as set forth in the complaint; and by his lack of stable housing and uncertain mental health and substance abuse histories.  In mitigation, the Court considered the defendant's proffered ties to the community and the proposed family sureties. (The Court has scheduled a further hearing for October 7, 2025, for a preliminary hearing and status.).

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: October 6, 2025

Nathanael M. Cousins
United States Magistrate Judge